6 WS 314
32 SC 204

# Moore *against* the Commonwealth.

A justice of the peace may discharge from prison one committed by him for a bailable offence, whether felony or misdemeanor, taking a recognizance for his appearance at court to answer.

ERROR to the Common Pleas of *Montgomery* county.

Commonwealth against William Moore. This was an action of debt on a recognizance entered into before a justice of the peace by the defendant and Michael Moore, for the appearance of Michael at the next court of Quarter Sessions of the Peace to be held for the county of Montgomery, to answer a charge of larceny. The recognizance had been returned to the office of the clerk of the Quarter Sessions and filed, and an entry of its forfeiture appeared on the docket.

The defendant offered to prove by the justice of the peace by whom the recognizance was taken, that when the prisoner was brought before him he was fully committed, and that after being committed, he went to the prison with William Moore (the defendant) and took the recognizance of the prisoner and the recognizance of William Moore as his bail, and the prisoner was discharged. The court rejected the testimony, and the defendant excepted and assigned the rejection of it for error.

*Brooke* for the plaintiff in error referred to 1 *Chitt. Cr. Law* 93, note 33, (*Amer. ed.* 1836), and *Commonwealth* v. *Canada* (13 *Pick.* 86).

*G. R. Fox* contra.

The opinion of the Court was delivered by

SERGEANT, J.—A search into the law on the subject has satisfied me that a justice of the peace in this State has power to discharge from prison one committed by him for a bailable offence, whether felony or misdemeanor, taking recognizances for his appearance at court to answer. That this is the principle of the English law appears from Chitty and other books. He says if a party is not ready with bail at the time he is apprehended and the offence be bailable, he may at any time before conviction be released from imprisonment on finding sureties; and after the recognizances have been entered into, the justice before whom the transaction takes place, will issue his warrant called a *liberate* to the gaoler to discharge him. 1 *Chitt. Cr. Law* 102; and in 4 *Chitt. Cr. Law* 119, the forms of this discharge are given. In England it appears

[Moore v. The Commonwealth.]

that though in misdemeanors a single justice may bail, yet in felony by virtue of the statute 1 and 2 *Phil. & Mary, c.* 13, bail can be taken only by two justices present at the same time. In Pennsylvania, however, I conceive the practice always to have been for one justice to take bail as well in felony as in misdemeanor, excepting in capital cases, by virtue of the Act of 1705, which has remained in force. This enacts that all persons shall be bailable by one or more sufficient sureties, to be taken by one or more of the judges or justices that have cognizance of the fact, unless for such offences as are or shall be made felonies of death by the laws of this province. The same thing is recognised in other Acts. Our system seems rather built on the 7th section of the 1 and 2 *Phil. & Mary, c.* 13, by which in the city of London and county of Middlesex and other cities, boroughs and towns corporate, one justice may let to bail felons and prisoners as before accustomed. This is not surprising when we remember that William Penn and his companions introduced with them so many of the usages and legal principles peculiar to those places. It seems by no means necessary in such case that the magistrate should visit the prison for the purpose, since the bail of others is good in that case; though where the person charged is not an infant or in prison, he ought to be bound in the recognizance as well as the bail. 2 *Hale's P. C.* 126.

It may be proper to say that the case of *Commonwealth v. Canada* (13 *Pick.* 86) was determined on the peculiar provisions of the Acts of Assembly of Massachusetts, not existing in this state, and even there the power of the same justice who committed to enlarge on bail after commitment seems admitted.

The evidence offered would therefore seem to have been inadmissible as furnishing no defence.

Judgment affirmed.