## Commonwealth of Pennsylvania v. Jacob Miller and Samuel Harris, Appellants.

*Criminal law—Misrecital of date—Indictment—Variance.*

Where the crime charged in the indictment is not based upon a record or other official writing, a variance of one day between the indictment and proof in fixing the date of the crime is not a fatal variance; time not being of the essence of the offense.

*Criminal law—Conviction defined.*

When the law speaks of conviction, it means a judgment, and not merely a verdict which in common parlance is called a conviction.

*Criminal law—Perjury—Evidence—Competency of witness.*

A person found guilty by a verdict of the jury of perjury but not sentenced, is a competent witness in a trial of others on a charge of subornation of perjury incident to the same perjury for which the witness was tried.

*Perjury—False swearing in examination for bail.*

False swearing in a matter before a magistrate touching the sufficiency of bail offered for a man charged with a criminal offense, is perjury at common law and under the statutes. Whether the inquiry touching the bail be made at the examination of the charge or afterward is immaterial.

Argued Oct. 19, 1897. Appeal, No. 35, April T., 1897, by defendants, from judgment of Q. S. Allegheny Co., March Sess., 1897, No. 320, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment for subornation of perjury. Before KENNEDY, P. J.

It appears from the record and evidence that the defendants were indicted, tried and convicted on a charge of subornation of perjury.

Other facts sufficiently appear in the opinion of the court.

Verdict of guilty and sentence thereon. Defendants appealed.

*Errors assigned* were, (1) In not quashing the indictment. (2) In overruling the defendants' objection to the admission of the testimony of James Nolan. (3) In refusing binding instructions for defendants. (4) In charging the jury as follows : "Now, as I have said to you, you have the testimony of this man Nolan, stating substantially that the oath which he took in that case was false, and you have other circumstances in the case tending to show the same thing. You have his own testimony tending to show that these defendants both knew that he was swearing falsely, and that they induced him to take the false oath. He states that he met them here on the day in question, somewhere in the vicinity of the courthouse, that he was under the influence of liquor at the time, and that after some talk between them, or persuasion upon their part, he was induced to go before the alderman and take, as he said, this false oath. He says that he told them at the time that he had no property, that they knew without his telling them that he had no property, but they told him that mattered not, that he

would not get into any serious trouble by it, and induced him to go and make what he claims to have been this false oath. In other words, they procured him, as is claimed by the commonwealth, or suborned him to make the false oath, and if you are convinced of that beyond a reasonable doubt, it will be your duty to find a verdict of guilty." (5) In not charging the jury that in order to convict the defendants the commonwealth must prove each material part of its case by the testimony of two witnesses, or one witness and corroborating circumstances, and that James Nolan being a particeps criminis, his testimony should not have the weight of one witness at any material point. (6) In not giving any instruction to the jury as to what constituted corroboration, and as to the parts of the testimony necessary to be corroborated. (7) In not instructing the jury as to what weight should be given to evidence of good character. (8) In charging the jury as follows: "Perjury, so far as this case is concerned, may be defined to be the wilful and corrupt false swearing in some judicial proceeding under an oath legally administered, and by an officer duly authorized to administer it. Subornation of perjury is the procuring, or suborning, of a person to make this false oath." (9) The indictment in this case is assigned as error for the reason that it is fatally defective in the following particulars: (a) The indictment does not allege that Nolan was duly or lawfully sworn. (b) It does not aver that Nolan was sworn or took any oath. (c) It does not allege what oath he took. (d) It does not allege that the testimony of James Nolan was necessary or material. (e) It does not allege that Harris or Miller knew or believed that Nolan would wilfully and corruptly testify to facts which he knew to be false. (f) It does not allege that Nolan became bail or was accepted as such for J. F. Latimer, or that Latimer was released from custody, or that the alderman was in any way influenced by the testimony of Nolan in disposing of the cause then and there pending. Any testimony he may have given was not material, unless he was so accepted as bail. (g) It was fatally defective in that it lays the crime as having been committed on the 10th day of November, whereas the evidence produced showed it to have been committed on the 11th day of November.

*Jos. R. McQuaide*, for appellants.—As to admission of evi-

.dence of one James Nolan, defendants relied on Act of May 23, 1887, P. L. 158, sec. 2.

The word " convict " means to find guilty of a criminal offense by verdict of a jury : Anderson's Law Dict., 256.

A man is convicted when he is found guilty or confesses the crime before judgment had : Shepherd v. People, 25 N. Y. 406.

In an indictment for perjury the day on which the perjury was committed must be truly laid : U. S. v. McNeal, 1 Gall. 387 ; U. S. v. Bowman, 2 Wash. C. C. 328 ; Com. v. Monahan, 9 Gray, 119.

A man convicted of perjury is not competent to testify : People v. Evans, 40 N. Y. 3.

*Chas. A. O'Brien* and *John C. Haymaker*, district attorney, for commonwealth.—There must be a judgment on the verdict in order to constitute a conviction : People v. Whipple, 9 Cowen, 707 ; 1 Phillips on Evidence, 18, note 12 ; 1 Greenleaf on Evidence, sec. 375 ; Bishop's Criminal Law, sec. 975.

As to the alleged variance all the cases cited by the appellants on this point refer to a record oath : Matthews v. U. S., 161 U. S. 500.

The law relating to corroboration in perjury, as adopted in nearly all the states, is stated in 1 Greenleaf on Evidence, sec. 257.

OPINION BY SMITH J., November 19, 1897 :

The appellants, Jacob Miller and Samuel Harris, were indicted and convicted of subornation of perjury. One J. F. Latimer, having been arrested on a warrant issued by an alderman of the city of Pittsburg, charging him with a criminal offense, in default of bail was committed for trial. Subsequently James Nolan, accompanied by the appellants, appeared before the alderman, and offered himself as bail for Latimer's appearance at court. Being sworn and examined by the alderman as to his ownership of property, he stated that he owned real estate in Pittsburg worth $2,000, clear of all incumbrances ; whereupon he was accepted as bail in the sum of $500. Latimer failed to appear for trial, and the recognizance was forfeited. Upon investigation it was found that Nolan was insolvent at the time of becoming bail. He was indicted for perjury in having thus sworn

falsely as to his ownership of property, and convicted. Before he was sentenced, the appellants were put on trial charged with having suborned him to make the false statement for which he had been tried, and he was the principal witness against them.

The indictment is sufficient to warrant a prosecution and sustain a judgment. The variance of one day between the indictment and the proof as to the time laid is not a fatal defect. Had the assignment of perjury been based upon a record, deposition, affidavit or other official instrument, a misrecital of the date might be a serious error, because the writing, being a very material part of the case, should be accurately described. But here the crime charged is not based on a record or other official writing; and, furthermore, time is not of the essence of the offense. The mistake as to date could not have misled or injured the appellants, and the variance was immaterial.

The competency of Nolan as a witness is a principal feature of the appellant's argument. It is contended that, having been found guilty of perjury by the verdict of a jury, he was incompetent to testify, under the act of May 23, 1887. That act provides that " A person who has been convicted in a court of this commonwealth of perjury, which term is hereby declared to include subornation of perjury, shall not be a competent witness for any purpose, although his sentence may have been duly complied with, unless the judgment of conviction be judicially set aside or reversed," except in cases involving his personal security or his right of property.

With respect to some purposes and consequences, the words " convicted " and " conviction," when used in a statute, mean no more than the judicial ascertainment of guilt by verdict or plea. But "no conviction is complete until sentence is passed and recorded: " County v. Holcomb, 36 Pa. 349, LOWRIE, C. J. Therefore, when conviction is made the ground of some disability or special penalty, a final adjudication by judgment is essential. In such cases, "when the law speaks of conviction, it means a judgment, and not merely a verdict, which in common parlance is called a conviction: " Smith v. Com., 14 S. & R. 69, TILGHMAN, C. J. The distinction has been discussed and illustrated in numerous cases in our own and other states, among which, besides those already referred to, are York County v. Dalhousen, 45 Pa. 372; Wilmoth v. Hensel, 151 Pa. 200;

Shepherd v. People, 25 N. Y. 406; Blaufus v. People, 69 N. Y. 107; Com. v. Gorham, 99 Mass. 420; Com. v. Lockwood, 109 Mass. 323. Further consideration, however, of the basis of this distinction is unnecessary, since the decision of the question in hand rests on grounds independent of it.

Whatever the authority of Fitz v. Smallbrook, 1 Keble, 134, it has been uniformly held, at least since the ruling by Lord MANSFIELD in Lee v. Gansel, Cowp. 3, that conviction of an infamous crime, by verdict or plea of guilty, does not work disqualification as a witness unless followed by judgment. The issue is not necessarily closed by such conviction; a new trial may be granted, or judgment may be arrested. In the only reported case, so far as I have been able to find, in which the question has been raised in this state (Skinner v. Perrot, 1 Ash. 57), this was recognized as the law. Nothing in the act of May 23, 1887, shows an intention to change this well-settled principle. The purpose of that act is not to restrict but to enlarge the competency of witnesses. It makes no one incompetent who was previously competent. Before its passage, a person against whom a verdict had been given was still competent as a witness until judgment was pronounced. Hence he still remains competent until judgment. The conviction that disqualifies, under the statute, is the conviction that had previously disqualified; the final determination of the issue by judgment of conviction. This further appears from the provision, inapplicable to a verdict only, that the disqualification shall continue, though the judgment be carried into effect by full compliance with the sentence, "unless the judgment of conviction be judicially set aside or reversed." The evident purpose of the act is to restrict disqualification by reason of crime to conviction of perjury and subornation of perjury, and to preserve the existing requirement of judgment of conviction in order to disqualify. Under the statute, in brief, nothing creates the disability but a judgment of conviction; nothing removes it but the judicial setting aside or reversal of this judgment; or a pardon: Diehl v. Rodgers, 169 Pa. 316.

It is the duty of aldermen and justices of the peace to admit to bail, "by one or more sufficient sureties," accused persons brought before them. They are required to pass upon the sufficiency of the bail offered, and for this purpose must make in-

quiry into the matter. When a person is charged before an alderman with a criminal offense, it is the magistrate's duty to inquire into the charge, and committ the prisoner, hold him to bail, or discharge him, as the evidence may warrant. If he decides to hold the prisoner to bail, his duty to inquire into the solvency of the surety is no less than to inquire into the sufficiency of the complaint. Either inquiry involves the exercise of judgment and discretion, and in both he acts judicially. They are equally part of a judicial proceeding which the alderman has the power to conduct, and in so doing to examine under oath. False swearing respecting a material question in such a proceeding is perjury, at common law and under the statutes. And whether the inquiry touching the bail be made at the examination of the charge or after, is immaterial: Moore v. Com., 6 W. & S. 314; Com. v. Ross, 6 S. & R. 427.

While it would have been proper to caution the jury respecting the weight to be given to the testimony of Nolan, we are not convinced that the case should be reversed because of an omission on this point. There was other evidence corroborative of his testimony which, if believed, entirely justified the finding of the jury. The learned trial judge clearly and accurately defined the nature of the offense, and the evidence necessary to establish it, and the jury were told that they must be convinced of the defendant's guilt beyond a reasonable doubt before they could convict. If special instructions on particular phases of the evidence were desired, the court should have been requested to give them. It is unnecessary to notice the specifications of error in detail, they are all overruled.

The judgment of the court below is affirmed, and it is now ordered that Jacob Miller and Samuel Harris, the appellants, be forthwith remanded to the custody of the keeper of the Allegheny county workhouse, there to be confined according to law for the terms of imprisonment for which they were sentenced respectively, and that the record be remitted to the said court with instructions to carry this order into effect.