# Commonwealth v. Lamar, Appellant.

*Criminal law—Recognizance—Bail—Affidavit of defense.*

In an action against a surety on a recognizance, an affidavit of defense is insufficient which avers that the defendant never became surety for the appearance of anybody of the name of the principal in the recognizance, or whose name resembled or was similar to it, where the defendant does not deny that he signed the recognizance, nor that the giving of the recognizance resulted in the release from imprisonment of the very person for whom he intended to go bail.

A recognizance in a criminal case is not invalid because the principal fails to sign the recognizance together with the surety.

In an action upon a recognizance taken by a justice of the peace to release a prisoner charged with larceny, where it appears that the bail was taken before the beginning of the term at which the prisoner was to appear, and before indictment, the surety cannot allege as a defense that

the recognizance is invalid because it had been taken after the transcript of the justice had been returned to the quarter sessions.

Argued Oct. 23, 1906.    Appeal, No. 252, Oct. T., 1905, by defendant, from order of C. P. Lebanon Co., Sept. T., 1905, No. 54, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth v. Michael Lamar and Julius Barbini.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Scire facias sur recognizance.

EHRGOOD, P. J., found the facts to be as follows:

The writ of scire facias in this case has been served on only one of the defendants, J. A. Barbini.

A person by the name of Michael Lamar was arrested on a charge of larceny, and brought before an alderman, who, under said name, committed him to the county jail for a hearing, and, as appears by the transcript, gave him a hearing under that name in which Barbini, one of the defendants in this case, was sworn as an interpreter.    The person so charged, after the hearing, in default of bail, was committed to the county jail under the name of Michael Lamar, to answer said charge of larceny at June sessions, 1905, of the court of quarter sessions, or until he finds security for his appearance at said court.    As appears from the transcript, Barbini afterwards became the security for the appearance of the person under the name of Michael Lamar at the June sessions of court.    When the case against said Lamar was called for trial, he did not appear, and the court was informed by the said Barbini that Lamar had gone to Italy.    The recognizance was then forfeited.    After a motion had been made to remit the forfeited recognizance upon the payment of costs, Barbini, in open court, stated, in answer to questions put by the court, that he had $115 cash money and a judgment exemption note for the balance to secure himself against liability on the said recognizance.    After suit was brought on the recognizance, the said defendant, Julius Barbini, by his attorney, filed a demurrer, in which his first reason was: " The recognizance on which the above sci. fa. has issued, as appears from the copy thereof, embraced in the præcipe, is not signed by any principal, but only by the said J. A. Barbini

as security for Michael Lamar, principal." The demurrer was afterwards withdrawn, and the affidavit of defense filed, in which the affiant neither affirms nor denies that he signed the forfeited recognizance in question, and that it was for the appearance of a person therein designated, who was arrested and who had a hearing under the name of Michael Lamar, but makes the evasion and, in view of the statements contained in the demurrer, the remarkable statement that he never knew nor was acquainted with any person by the name of Michael Lamar; that he never became surety for the appearance of anybody by the name of Michael Lamar at the June sessions, 1905, of the court of quarter sessions and oyer and terminer of Lebanon county; and that he never became surety for the appearance, at said court, of any one whose name resembled or was similar to Michael Lamar. It is quite evident that the affiant did not intend to deny his signature to the recognizance, nor could he deny it, but that the real name of the person for whose appearance he became surety, is not Michael Lamar, but some other name which, for some reason best known to the affiant himself, he is not willing to disclose to the court. That the prisoner failed to disclose his real name, and took a hearing under the assumed name, and that the affiant became his bail under that assumed name for his appearance, when he knew that it was not his real name, is no defense in this case, but was a deception, practiced on the alderman, of which neither the prisoner nor his surety ought to or can be permitted to take advantage. The affidavit of defense, in so far as it relates to the name of the person charged with the larceny, is too vague and indefinite, and in other respects is insufficient to prevent judgment.

And now, December 6, 1905, judgment is directed in favor of the plaintiff, and against J. A. Barbini, for the sum of $200 and costs, for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*George B. Woomer*, for appellant, cited: Touhill v. Dayton Construction Co., 12 Pa. Dist. Rep. 560; Houck v. Whitaker, 10 Pa. Dist. Rep. 244; Com. v. Basendorf, 153 Pa. 459; Moore v. Com., 6 W. & S. 314.

*Warren G. Light*, for appellee, cited : Com. v. Hart, 12 Pa.
Superior Ct. 605 ; McMicken v. Com., 58 Pa. 213 ; Fox v.
Com., 81* Pa. 511 ; Com. v. Finney, 17 S. & R. 282 ; Com. v.
Basendorf, 153 Pa. 459 ; Mishler v. Com., 62 Pa. 55 ; Foulke
v. Com., 90 Pa. 257 ; Com. v. Flomenhaft, 3 Pa. Superior Ct.
566.

OPINION BY RICE, P. J., December 10, 1906 :

The appellant's statement of the question involved is as fol-
lows : " Question of the sufficiency of an affidavit of defense
to sci. fa. sur recognizance, which alleges that defendant never
became surety for the principal named therein ; that the recog-
nizance was forfeited on the first day of the term to which the
principal was bound to appear ; that the principal never signed
the recognizance ; and that the recognizance was taken by the
magistrate after the case had been returned to court."

The statement that the affidavit of defense alleges that the
defendant never became surety for the principal named in the
recognizance is broader than the affidavit.    The recogni-
zance shows on its face that it was conditioned for the
appearance of Michael Lamar, and that it was signed by the
appellant.    A careful examination of the affidavit of defense
shows that he does not deny that he entered into and signed
the recognizance, nor that he was cognizant of the fact that the
name given therein as the name of the principal was Michael
Lamar, nor that the giving of the recognizance resulted in the
release from imprisonment of the person for whom he intended
to go bail ; nor does he aver that that person appeared in
accordance with the conditions of the recognizance.    His
averment that he " never became surety for the appearance of
anybody of the name of Michael Lamar," or " whose name re-
sembles or was similar to Michael Lamar," read in the light of
the significant omissions above referred to must be deemed to
mean no more than that the name given in the warrant of arrest,
the justice's record, the commitment and the recognizance is
not the true name of the defendant.    But the recognizance
having served the purpose for which the appellant gave it,
namely, the release from imprisonment of the person who had
been committed by the justice, and he being the person for
whom the appellant intended to go bail, it does not lie in the

appellant's mouth to say that he was not bound, merely because the name of his principal was not correctly given.

A recognizance is an obligation of record, entered into before a court or officer duly authorized for that purpose; and although it is not uncommon in practice, and for certain purposes is a wise precaution, to have the principal and his surety sign, this is not essential to the validity of a recognizance for the appearance of a defendant in a criminal case: Commonwealth v. Emery, 2 Binney, 431. Nor is it a valid defense in an action brought against the bail upon a recognizance entered into after commitment, that the person for whose appearance he became bound did not also join in the recognizance. " It seems by no means necessary in such case that the magistrate should visit the prison for the purpose, since the bail of others is good in that case; though where the person charged is not an infant or in prison he ought to be bound in the recognizance as well as the bail: 2 Hale's P. C. 126 : " Moore v. Commonwealth, 6 W. & S. 314.

The proposition that the recognizance could not be forfeited on the first day of the term at which the defendant was to appear is clearly wrong, and need not be discussed.

The remaining objection to be considered is that the authority of the justice to take the recognizance was gone after the transcript of his proceedings had been returned to the quarter sessions. The facts are that the defendant was committed on April 24, 1905, "to answer said charge . . . . at June Term, A. D. 1905, or until he find security for his appearance at said court," that the transcript was returned to court on April 26, 1905, that the recognizance was taken on May 17, 1905, and was forfeited on June 5, following. The statute provides that in all cases the party accused shall be admitted to bail by one or more sufficient sureties " to be taken before any judge, justice, mayor, recorder, or alderman where the offense charged has been committed, except such persons as are precluded from being bailed by the constitution of this commonwealth : " Act March 31, 1860, sec. 7. P. L. 427. This case is one in which bail could be taken by a justice of the peace. Upon the question of the authority of the justice to take the bail at the time he did, the case of Moore v. Commonwealth, 6 W. & S. 314, is pertinent. It was there decided that a justice of the peace may dis-

charge from prison one committed by him for a bailable offense whether felony or misdemeanor, taking a recognizance for his appearance at court to answer.    There, as here, the question was raised upon defense to an action upon the recognizance. And the same ruling has been followed in other cases.    See Aldermen and Justices of the Peace, 2 Parsons' Select Equity Cases, 458 ; Commonwealth v. Basendorf, 153 Pa. 459.    We cannot see that the fact that the justice had returned the transcript of his proceedings to the quarter sessions requires a different ruling in this case, the bail having been taken before the beginning of the term at which the defendant was to appear and before indictment.    It certainly does not constitute a valid defense to the action upon the recognizance under which the accused was released from imprisonment.

Judgment affirmed.