## Revocation of Physician's License.

*Conviction of crime—Plea of guilty—Illegal advertising—Moral turpitude—Bureau of Medical Education and Licensure—Powers.*

1. A physician who has plead guilty in the Court of Quarter Sessions to a charge of illegal advertising under the Act of July 21, 1919, P. L. 1084, has not been convicted of a crime in such manner as to sustain a revocation of his license to practice medicine. No conviction is complete until sentence is passed and recorded.

2. It is doubtful whether the misdemeanor of advertising in violation of the provisions of the Act of 1919, P. L. 1084, is one involving moral turpitude. Generally speaking, offences merely *mala prohibita*, and not *mala per se*, do not involve moral turpitude.

3. The Bureau of Medical Education and Licensure exceeded its authority in revoking the license of a physician who plead guilty to a charge of illegal advertising, but was never sentenced by the court.

Attorney-General's Department. Opinion to Dr. I. D. Metzger, President, Bureau of Medical Education and Licensure.

McNEES, Dep. Att'y-Gen., June 26, 1922.—I have examined the papers which you have submitted in the case of Dr. W. H. Theel, of Philadelphia, whose license was revoked on the grounds of his conviction of illegal adver-

tising under the Act of July 21, 1919, P. L. 1084. Dr. Theel has raised the question as to your authority to revoke his license under the Act of 1911.

Examining the facts, I find that Dr. William H. Theel plead guilty in the Court of Quarter Sessions of Philadelphia County to a charge of illegal advertising. He was never sentenced, however, and now raises the question that his plea of guilty was not such a conviction as would support your action unless completed by a sentence of the court. He also maintains that a violation of the Advertising Act of July 21, 1919, P. L. 1084, is not an offence involving moral turpitude. In support of his first claim there are many authorities to the effect that a verdict of guilty by a jury, which is popularly known as a conviction, is not such a conviction as is contemplated by the law in this case.

"With respect to some purposes and consequences, the words 'convicted' and 'conviction,' when used in a statute, mean no more than the judicial ascertainment of guilt by verdict or plea. Now, no conviction is complete until sentence is passed and recorded: Cumberland County v. Holcomb, 36 Pa. 349, Lowrie, C. J. 'Therefore, when conviction is made the ground of some disability or special penalty, a final adjudication by judgment is essential:" Com. v. Miller, 16 Pa. Superior Ct. 35.

No sentence was ever imposed in the case under discussion. The record merely shows that sentence was suspended, but does not show what the sentence actually was.

"The word 'conviction' has a popular and a legal meaning. In common parlance, a verdict of guilty is said to be a conviction: Smith v. Com., 14 S. & R. 69; Wilmoth v. Hensel, 151 Pa. 200; and this popular meaning has been given to it when rights other than those of the one who has been found guilty have been before the courts, but not otherwise: Com. v. McDermott, 224 Pa. 363.

"When the law speaks of conviction, it means judgment and not merely a verdict, which in common parlance is called a conviction: Tilghman, C. J., in Smith v. Com., 14 S. & R. 69. 'When a conviction is made the ground of some disability or special penalty, a final adjudication by judgment is essential:' " Com. v. Miller, 6 Pa. Superior Ct. 35.

All penal statutes are to be strictly construed, and particularly where a special penalty is prescribed.

"When Shields was sentenced May 11, 1912, on the indictments charging him with embezzlement and perjury, he then became convicted of this offence. The returns of guilty by the jury did not convict him in the legal sense of that term, but judgments on the verdicts did: Com. v. Minnich, 250 Pa. 363; Com. v. Vitale, 250 Pa. 548. He thus came under the ban of the Constitution, and during the period for which he is claiming salary he was incapable of holding any office of trust or profit in this Commonwealth:" Shields v. Westmoreland County, 253 Pa. 271.

"A verdict of a jury, without more, is but the expression of the collective opinion of twelve men, which concludes nothing and supports nothing, except as it is followed by a judgment; and then it is the judgment, and not the verdict, that marks the conclusion of the issue and gives it efficiency:" Com. v. Minnich, 250 Pa. 362.

There are other authorities holding that a person is not technically convicted until sentence is pronounced upon him, which amounts to a judgment on the verdict of the jury. It has been held in People v. Fabian, 192 N. Y. 443, 18 L. R. A. (N. S.) 684, that where a sentence is suspended and the direct consequences of fine and imprisonment are suspended or postponed tem-

porarily or indefinitely, so also are the indirect consequences likewise postponed. In view of the fact that there was no sentence in this case, I do not believe there was such a conviction as would sustain a revocation of a license to practice medicine.

I am very doubtful, also, if the misdemeanor of which Dr. Theel was convicted is one involving moral turpitude. It was made a misdemeanor by the Act of 1919, and does not appear to come within that class of cases which involve "anything done contrary to justice, honesty, principle or good morals." Violating any law may be said to be contrary to good morals, but, generally speaking, offences merely *mala prohibita,* and not *mala per se,* do not involve moral turpitude.

Therefore, I am of the opinion that the conviction of Dr. Theel was not such a legal conviction as would sustain a revocation of his license, and also that there is very grave doubt as to whether or not the crime itself, of which he is alleged to have been convicted, involved moral turpitude. Under all the circumstances, it would seem that the bureau has exceeded its authority in revoking this license. If such is the case, it would appear to be just and proper that its action be stricken from the records at as early a date as possible, as Dr. Theel is dependent upon his profession for a livelihood.

From Guy H. Davies, Harrisburg, Pa.