## Commonwealth v. Sofka

*George F. Coffin, Jr.*, for Commonwealth.
*Russell C. Mauch*, for defendant.

STEWART, P. J., June 28, 1937.—This is an appeal by defendant from the taxation of costs by the clerk of the quarter sessions. Defendant did not file an appeal setting forth specifications of error and verified by affidavit, as required by section 99 of the court rules, but did file an exception to the taxation of costs. Overlooking a strict conformity with the rules of court, we find from the record that the clerk found that the bill of William T. Foster amounted to $50; that the work was ordered by Detective Gamen, an officer of the district attorney's office, and the bill was approved by the district attorney; that the question was raised as to the number of samples analyzed, and from where received; and that "upon investigation I find that the seven samples were taken from seven different containers." Upon the argument it was stated that the seven analyses were made of one kind of liquor from one container. If that were a fact, the court would not approve this bill, but there is no proof that the fact is as stated. The presumption to be drawn from the clerk's finding is that there were seven bottles of liquor furnished the chemist for his analysis, and that each of them was taken from a different container.

In Bogle v. Pratt, 12 D. & C. 808, the syllabus is:

"An affidavit made to a bill of costs is conclusive until rebutted.

"On an appeal from taxation of costs, where no evidence is offered to contradict the correctness of the charges, the court is bound by the averments contained in the affidavit attached to the bill of costs."

Of course there is no affidavit in the present case, but we find among the records a report to the Bureau of Internal Revenue, Alcohol Tax Unit, Washington, D. C., and which evidently was in the hands of the learned counsel for defendant because his question on page 5 was framed on the report. When we look at that paper, we find it perfectly plain that these samples were taken from different containers. Appellant has not overcome the

presumption of fact nor the finding of the clerk. Considerable stress was laid on the fact that the district attorney ought not to permit analyses to be made in the way they were made in this case, and it was stated that immediately after the raid defendant offered to plead guilty, but an inspection of the record shows that the arrest was made on September 4, 1936. The next day the samples were given to the chemist. The bill was dated September 11, 1936. It was approved November 6, 1936, and defendant pled guilty, and was sentenced December 7, 1936. Surely these bills were incurred before the date of the plea. As to the charges themselves, the chemist testified:

"A. It takes the greater part of the day to do just one. We have to distill them over. We don't work on a time basis like a laborer. It is professional services."

"Q. It took you days to make this test, didn't it?"

"A. We run them parallel. We have to do the same thing to all of them."

Surely the prices charged were not unreasonable, and we hesitate to place any obstacle in the way of the district attorney's office making a prompt and careful investigation into liquor cases brought to the attention of the district attorney. We are satisfied that if the State officers and the district attorney's assistants unnecessarily multiply chemist's costs he will not approve the bills.

The Act of June 29, 1923, P. L. 973, is as follows:

"An act providing for the payment by counties of expenses incurred by the district attorney, and making such expenses a part of the costs of the case where the defendant is convicted.

"SECTION 1. Be it enacted, &c., That all necessary expenses incurred by the district attorneys of any county of this Commonwealth or his assistants, or any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the

respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of their respective counties. And in cases where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney, in connection with such prosecution, shall be considered a part of the costs of the cases and be paid by the defendant."

We examined that act at some length in Commonwealth v. Wilson, 19 Northamp. 80, 4 D. & C. 302, and we there held, after a review of many cases:

"Under the provisions of the Act of 29th of June, 1923, the expenses of a witness from out of the state for room rent, meals, transportation and remuneration will not be approved. The expression 'necessary expenses' refers to expenses of the District Attorney in the investigation of crime and the apprehension of persons charged with or suspected of the commission of crime."

The act was also discussed by President Judge Reese in In re Noakes et al., 24 D. & C. 39, where he held that under the act the county was liable for the bills of medical men in an autopsy, although there was an act relating to counties of the sixth class which limited the liability of the county to $25, and in Commonwealth v. Baughman, 19 Westm. 262, where it was held that the costs of a removal of a defendant to a hospital could not be taxed as part of the Commonwealth's case. The contention is now made that this case does not come within the act because defendant herein was not convicted and sentenced. A plea of guilty is always equivalent to a conviction. A verdict of guilty is popularly but erroneously called a conviction. It is not legally complete until sentence has been passed. In this case there was a plea of guilty which is equivalent to a conviction, and a sentence. This distinction has been established in many cases. In Smith v. Commonwealth, 14 S. & R. 69, Mr. Chief Justice Tilghman said: "When the law speaks of *conviction*, it means a *judgment*, and

not merely a *verdict,* which in common parlance is called a conviction." That was followed in Commonwealth v. Miller et al., 6 Pa. Superior Ct. 35, and discussed at large in Commonwealth v. McDermott (No. 2), 224 Pa. 363. It would be a very technical construction to hold otherwise in this case. The record shows that defendant pled guilty to a charge of a violation of the Pennsylvania liquor laws; that a true bill was found by the grand jury; and that when called for trial defendant pled guilty. The court thereupon sentenced him to pay a fine and costs. That was all that was necessary to make him liable to pay the chemist in this case.

It is also contended that the act says the bill must be approved by the district attorney and by the court. The approval of the court need not be in writing, and, just as the court would have power to reduce the amount if it appeared that it was excessive, so also we have power to approve it which we do now by this order.

And now, June 28, 1937, defendant's exception to the taxation of costs is dismissed, and the clerk's taxation of costs is affirmed.