## Commonwealth ex rel County of Wyoming
## v. Hakim

*Brendan J. Vanston, District Attorney,* for plaintiff.
*Joseph V. Kasper,* for defendant.

GARDNER, *P.J.,* June 21, 1982—On November 6, 1981, defendant became surety on a bail bond which named as principal one Mark Braden, who was charged with a criminal offense in Wyoming County, Pa.

Defendant, identified as Mark Braden in the criminal proceeding, failed to appear for arraignment on December 7, 1981, as a result of which the Court of Common Pleas of the 44th Judicial District, Wyoming County Branch, forfeited the bail bond, and the above-captioned action was brought seeking judgment against defendant surety in the amount of $5,000, the amount of the undertaking in the bond.

Defendant answered and averred, both in the answer and in new matter, that the person for whom she acted as surety was not in fact Mark Braden.

In short, the defense set forth by defendant is that

the person for whom she acted as surety resulting in the bail bond, by the use of an alias allows her relief from forfeiture liability.

Neither counsel has found any authority which rules this case, although defendant has cited Com. v. Lamar, 32 Pa. Superior Ct. 200 (1906), wherein a defense that the principal on a bond had used an alias was not allowed as a defense to forfeiture by the surety. Defense counsel points out, and we agree, that the Lamar case is not authority in the instant matter because in Lamar the surety knew that the person being bailed was using an alias, whereas this is apparently not the case instantly.

It is true, however, that the language of the president judge of the Superior Court in Lamar, at least as dictum, has a broader scope and may well be helpful in situations such as the instant one. The opinion states, "but the recognizance having served a purpose for which the appellant gave it, namely, the release from imprisonment of the person who had been committed by the justice, and he being the person for whom the appellant intended to go bail, it does not lie in the appellant's mouth to say that he was not bound, merely because the name of his principal was not correctly given."

In criminal proceedings, names have never been considered vital, other than as a "descriptio personae." Com. v. Liebowitz, 143 Pa. Superior Ct. 75, 17 A. 2d 719 (1940).

A criminal information may be amended to change the description of any person: Rule of Criminal Procedure 229.

In the instant matter, the obligation of defendant was not changed one whit because the person bailed used an alias. It may well be that defendant would not have acted as surety if she had known that the person to be bailed was using a false or

incorrect name, but this was her decision and a risk of her trade.

We can think of no more fitting ways to put defendant's contention into proper perspective than the literary references which we will cite in lieu of case authority:

"A rose is a rose is a rose." Stein, Gertrude.
"What's in a name? That which we call a rose
By any other name would smell as sweet."
Shakespeare, W., Romeo and Juliet, Act II, sc. i.i.

## ORDER

And now, June 21, 1982, for the reasons set forth in the opinion of even date filed in the above matter, it is ordered that judgment be and is hereby entered for plaintiff and against defendant on the pleadings heretofore filed.