# Commonwealth *v.* Racco, Appellant.

225    113
41SC¹341
41SC²342

*Criminal law—Murder—Cross-examination of prisoner—Credibility.*

1. Where a prisoner indicted for murder takes the stand on his own behalf, he may be asked on cross-examination, in order to test his credibility, whether he had not been convicted and sentenced to prison for larceny, assault and battery and wounding, and for obtaining money under false pretenses; and if he answers no, it may be shown by other witnesses, for the purpose of contradicting him and impeaching his credibility, that he had made declarations to the effect that he had been convicted and sentenced for such crimes.

2. As the Pennsylvania statute permitting a prisoner to testify imposes no limit upon the scope of his cross-examination, the subject is largely within the discretion of the trial judge, and unless such discretion is so abused that substantial injury results to the prisoner, it will not be reviewed by the appellate court.

3. Although the record is the best, and sometimes the only competent evidence of a conviction, yet when it is merely collateral to the main issue, and arises only as affecting the credibility of the witness, he may testify to it, especially when of all others he knows the exact truth, without regard to the record. Buck v. Com., 107 Pa. 486, overruled.

4. Testimony of a witness that the prisoner had confessed to him the commission of other crimes, is not admissible to establish the prisoner's guilt under the indictment on which he is being tried; but if he takes the stand on his own behalf, and denies on cross-examination that he had committed such other crimes, the testimony as to his confession of such crimes is admissible to impeach his credibility.

Argued April 26, 1909.   Appeal, No. 82, Oct. T., 1909, by defendant, from judgment of O. & T. Lawrence Co., June T., 1908, No. 1, on verdict of guilty in case of Commonwealth v. Rocco Racco.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Indictment for murder.   Before WILLIAM E. PORTER, J., specially presiding.

At the trial and from the record it appeared that the prisoner was indicted for the murder of Seeley Houk, a game warden in Lawrence county.   The prisoner took the stand on his own behalf and on cross-examination was asked whether he had not been convicted and sentenced for larceny, assault and battery, wounding, and obtaining money under false pretenses.   To all of which he answered, no. [6–16]

F. P. Dimaio, a detective, was permitted under objection and exception to testify that the prisoner had confessed to him the commission of the crimes as to which he had been cross-examined. [17]

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* were (6–17) rulings on evidence, quoting the bill of exceptions.

*H. K. Gregory*, of *Gregory & Dickey*, and *A. W. Gardner*, for appellant.—The defendant on offering himself as a witness may not on cross-examination be inquired of former convictions: People v. Crapo, 76 N. Y. 288; Com. v. Craig, 19 Pa. Superior Ct. 81; Buck v. Com., 107 Pa. 486; Com. v. House, 6 Pa. Superior Ct. 92; Elliott v. Boyles, 31 Pa. 65; Com. v. Pioso, 19 Lanc. L. R. 145.

The testimony of detective Dimaio was clearly not competent: Com. v. Wilson, 186 Pa. 1.

*Charles H. Young*, district attorney, and *S. L. McCracken*, for appellee.—The cross-examination of the prisoner was proper: Hanoff v. State, 37 Ohio, 178; Brandon v. People, 42 N. Y. 265; LaBeau v. People, 34 N. Y. 223; Turnpike-Road Co. v. Loomis, 32 N. Y. 127; Ryan v. People, 79 N. Y. 593; People v. Clark, 102 N. Y. 735 (8 N. E. Repr. 38); People v. Casey, 72 N. Y. 393; People v. Noelke, 94 N. Y. 137; People v. Hooghkerk, 96 N. Y. 149; Com. v. Reece, 28 Pa. C. C. Rep. 652; Wilbur v. Flood, 16 Mich. 40; Hannah v. McKellip, 49 Barb. 342; Com. v. Barry, 8 Pa. C. C. Rep. 216; United States v. Craig, 4 Wash. C. C. 729.

The credit of a witness may be impeached by proof that he has made statements out of court contrary to what he has testified at the trial: Schlater v. Winpenny, 75 Pa. 321; Wilson v. Wilson, 137 Pa. 269; Zebley v. Storey, 117 Pa. 478.

*H. K. Gregory*, of *Gregory & Dickey*, and *A. W. Gardner*, for appellant, in reply.—The general rule in jurisdictions where there is no statutory limitation is that an accused person testifying in his own behalf is to be cross-examined like any other witness: People v. Tice, 15 L. R. A. 669, 671; Com. v. Bell, 20 Pa. C. C. Rep. 223; Smith v. Hine, 177 Pa. 203.

OPINION BY MR. JUSTICE BROWN, May 24, 1909:

We have discovered no reversible error in this record, and but two of the seven questions raised by the nineteen assignments call for any discussion. One of these is as to the right of the commonwealth to ask the prisoner on cross-

examination whether he had not been previously convicted of various crimes. He was asked, under objection, whether he had not been convicted and sentenced to prison for larceny, assault and battery and wounding and for obtaining money under false pretenses. When he offered to testify in his own behalf his credibility as an intensely interested witness became at once a question for the jury. It was proper that they should learn whatever might aid them in determining what credit should be given to his testimony, and no one was so able to enlighten them as himself. Under our statute permitting him to testify no restriction was placed upon the limit of his cross-examination. It was, therefore, largely within the discretion of the trial judge, and, unless that discretion was so abused that substantial injury has resulted to the prisoner, the judgment will not be reversed. If he had been formerly convicted of the offenses stated, no one knew so better than himself, and it is not to be pretended that his affirmative answers would not have affected his credibility. If he had answered untruthfully in the negative, the way would have been open to the commonwealth to impeach his testimony by competent evidence of his convictions. Though courts in other jurisdictions and text-writers differ as to the right to ask a witness whether he had been convicted of a crime for the purpose of affecting his credibility, the rule as followed by the lower courts in our state since defendants in criminal cases have been made competent witnesses, has been, according to the observation and experience of every member of this court, to allow such questions to be put to a defendant as were asked this prisoner on his cross-examination. The only exception now to be recalled is Com. v. Pioso, 19 Lanc. L. R. 145, in which the court of quarter sessions of Lancaster county, following an expression of PAXSON, J., in Buck v. Com., 107 Pa. 486, held that it was improper to ask the defendant whether he had not, a short time before, been convicted of a crime. In Buck v. Com. the question asked the witness was held to have been improper because if he had been convicted of embezzlement the proper evidence of that fact was the record. We do not now approve what was there said, and, if it is to be regarded as an expres-

sion of the law, it is overruled. If the matter in issue is a conviction, as it is on a plea of autrefois convict, the best and only competent evidence is of course to be produced, but when the matter about which a witness is asked, though one of record, is merely collateral to the main issue, and arises in it only as affecting the credibility of the witness, he may testify to it, especially when of all others he knows the exact truth, without regard to the record. The proper rule, followed by the court below, is laid down in Underhill on Criminal Evidence, secs. 60 and 61: "The accused, when testifying in his own behalf, waives many of the peculiar constitutional privileges which belong to him as one accused of crime. It is usually provided by statute that he may be examined and cross-examined 'as any other witness,' and where such is the case, he will not be permitted to claim any privilege while he is a witness that is not enjoyed by other witnesses. In other words, the rule then is that he cannot claim as a witness the privileges which belong to him solely as the accused. He cannot complain if considerable latitude is allowed on his cross-examination, and, generally, he may be asked on his cross-examination the same questions as any witness. In states where the cross-examination of the accused is not by statute expressly limited to matters brought out on his direct examination, he may be cross-examined, not only upon matters strictly relevant to the issue, but upon those which are collateral and apparently irrelevant, and which are calculated only to test the credibility and weight of his testimony. . . . He may be questioned as to specific facts calculated to discredit him. Thus his previous arrest, or indictment, his conviction of a felony, a previous imprisonment in a penitentiary, or house of correction, his prior contradictory statements, disorderly actions, or the commission of offenses similar to that charged, attempts to bribe witnesses, or simulation of insanity, may all be brought out by questions put to him on his cross-examination, to show what credit his evidence should receive." If the record of the conviction of a crime by a witness is the only evidence to be received of that fact to affect his credibility, in many cases, of which the present is an illustration, his credibility could not

be impeached, though it ought to be, for the record may be in a foreign state or country, and not obtainable in time to be used when found to be needed at the trial.

The second question raised by the appellant which needs brief notice is as to the admissibility of the testimony of the detective Dimaio, that the prisoner had confessed to him the commission of other crimes. Such testimony, if offered for the purpose of establishing his guilt under the indictment on which he was being tried, would clearly have been inadmissible: Com. v. Wilson, 186 Pa. 1; but the offer was for no such purpose. It was to impeach the credibility of the appellant. He had been asked whether he had not been convicted of certain offenses, and, having denied that he had been, Dimaio was called to contradict him by showing his admissions to the contrary. The ruling of the court was, in permitting Dimaio to testify, that the witness would have to testify to other convictions than those admitted by the accused on the trial. He admitted but three and denied the rest.

The assignments of error are all overruled, the judgment is affirmed and the record remitted to the court below for the purpose of execution.