## Commonwealth *v.* Goodstein, Appellant.

*Criminal law—Evidence—Examination of witness as to conviction of crime.*

On the trial of an indictment for receiving and disposing of goods to defraud creditors under the Act of April 22, 1903, P. L. 242, it is not error to permit the district attorney, on cross-examination, to ask a witness for the defendant whether he himself had not been convicted a week before of the charge of procuring and disposing of goods to defraud the same persons the defendant was charged with defrauding.

Argued March 9, 1914.    Appeal, No. 143, Oct. T., 1913, by defendant, from judgment of Q. S. Phila. Co., April T., 1910, No. 501, on verdict of guilty in case of Commonwealth v. Morris Goodstein.    Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER and KEPHART, JJ.    Affirmed.

Indictment for receiving and disposing of goods to defraud creditors.    Before TREXLER, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* among others was (10) ruling on evidence, quoted in the opinion of the Superior Court.

*Harry A. Mackey*, with him *Bernard R. Cohn*, for appellant.

*Charles E. Fox* assistant district attorney, with them *Samuel P. Rotan*, district attorney, for appellee.

OPINION BY HEAD, J., April 20, 1914:

Although the record in this case exhibits ten assignments of error, there is but one which we think demands

particular notice.   Most of the others either .complain of matters not assignable for error or they are so plainly in violation of our rules that they need not be considered.

The tenth assignment complains of the action of the court in permitting the district attorney, on the cross-examination of a witness for the defendant, to ask the following question: "Q.   You told all that story before the jury a week and a half ago and you were convicted of the charge of securing and disposing of goods to defraud the creditors of David?   Objected to.   Objection overruled.   A.   Yes."   It is urged upon us that the credibility of the witness was. thus so unfairly assailed as to constitute reversible error.

Several persons had been engaged in what was alleged to have been a fraudulent effort to conceal the goods of a bankrupt .from his creditors.   The present defendant has been convicted as one of the parties engaged in that effort.   During his trial he called in his defense a witness Blum, who just a week before had been convicted as one of the parties engaged in the same alleged fraud. He told to the jury in the present case a story intended to convince them that the transaction was an entirely innocent one.   Of course it became a matter of primary importance to the jury to be advised in some way to what extent the testimony of the witness should be accepted, and it therefore was competent for the commonwealth to discredit the witness by any proper means. Should such effort have been confined to the production of the record of the conviction of the witness, or was the appellant, by the ruling of the learned trial court, deprived of any substantial right secured to him by our laws?

Two recent cases in the Supreme Court appear to us to have practically disposed of the question.   In each of these cases the defendant had been convicted of murder in the first degree and sentenced to death.   In such cases it might well be expected that the court, by reason

of the fact that a human life was involved in the adjudication, would construe rules of evidence as strictly against the Commonwealth and as leniently in favor of the defendant as could justly be done. In Commonwealth v. Payne, 242 Pa. 394, Mr. Justice BROWN said: "Appellant's second complaint is that the Commonwealth was permitted to ask one of the witnesses for the defense on cross-examination whether he had been shortly before convicted of robbery and of assault and battery with intent to rob. The credibility of that witness as well as that of all the others called by the defendant was for the jury, and the question was properly allowed. It was not necessary for the Commonwealth to produce and offer in evidence the record of his prior conviction: Com. v. Racco, 225 Pa. 113."

In Commonwealth v. Racco, 225 Pa. 113, the same learned justice uses the following language: "Though courts in other jurisdictions and text-writers differ as to the right to ask a witness whether he had been convicted of a crime for the purpose of affecting his credibility, the rule as followed by the lower courts in our state since defendants in criminal cases have been made competent witnesses, has been, according to the observation and experience of every member of this court, to allow such questions to be put to a defendant as were asked this prisoner on his cross-examination." Later on in the opinion the learned justice quotes with approval the following from Underhill on Criminal Evidence: "In states where the cross-examination of the accused is not by statute expressly limited to matters brought out on his direct examination, he may be cross-examined, not only upon matters strictly relevant to the issue, but upon those which are collateral and apparently irrelevant, and which are calculated only to test the credibility and weight of his testimony. . . . He may be questioned as to specific facts calculated to discredit him. Thus his previous arrest, or indictment, his conviction of a felony, a previous imprisonment in a

penitentiary, or house of correction, his prior contradictory statements, disorderly actions, or the commission of offenses similar to that charged, attempts to bribe witnesses, or simulation of insanity, may all be brought out by questions put to him on his cross-examination, to show what credit his evidence should receive." The learned justice then adds: "If the record of the conviction of a crime by a witness is the only evidence to be received of that fact to affect his credibility, in many cases, of which the present is an illustration, his credibility could not be impeached, though it ought to be, for the record may be in a foreign state or country, and not obtainable in time to be used when found to be needed at the trial." If the cross-examination of a defendant on trial for his life may properly take the range indicated by the language we have quoted, it ought not to be possible for us to reach the conclusion that the defendant here has exhibited a case of reversible error because his witness was asked and compelled to answer the question on which the tenth assignment is predicated. The assignment is therefore overruled.

The judgment is affirmed and the record is remitted to the court below with direction that the defendant appear therein to undergo such portion of the sentence imposed as had not been performed when the order of supersedeas in this case was entered.