# Commonwealth *v.* Auerbach, Appellant (No. 1).

*Criminal law—Assault and battery—Unlawful arrest.*

Where the court states that a policeman in order to have the right to arrest "must be acting within the scope of his duty and must be acting upon proper cause" the jury has sufficient instructions as to what the real issue is, and the failure of the court to elaborate further as to the meaning of the phrase "legal arrest" does defendant no harm.

*Evidence—Credibility of witness—Conviction of former crime.*

A witness may be asked of his conviction of crime for the purpose of attacking his credibility, and the extent of such cross-examination is largely within the discretion of the trial judge.

*Evidence—Credibility of witness—Verdict without judgment.*

In a criminal case it will not be permitted to show that one of the witnesses plead guilty to the charge of selling liquor without license where there was no sentence in the case.

Argued Dec. 5, 1918. Appeal, No. 242, Oct. T., 1918, by defendant, from the judgment of the Municipal Court of Philadelphia, June Sess., 1918, No. 26, on verdict of guilty in case of Commonwealth v. Emanuel Auerbach. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for assault and battery.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned,* among others, were (4-5), the refusal of the court to allow the prosecutor to be asked whether he had ever been convicted of crime (4-19) ; refusal of the court to allow any reference to the reputation of the prosecutor for conducting a speakeasy and (22) as to

the instructions and answer to point submitted by defendant as follows:

"22. The learned trial court erred in qualifying defendant's point for charge, which was as follows:    .

["If you believe that after the prosecutor Ianovich was arrested he resisted arrest, then your verdict should be 'not guilty' by qualifying it, as follows:

[" 'I affirm that with this qualification, that if he was illegally arrested, he had a right to resist arrest. There is nothing about a uniform that entitles an officer to come along and arrest a man illegally. He must be acting within the scope of his duty, must be acting upon proper cause, and the mere possession of badge or a uniform entitles no man to illegally arrest a citizen in the proper course of his duties and the citizen is entitled to resist with all the force necessary an arrest that is illegal.' "]    (p. 2.)


*Harry Felix,* and with him *Joseph Gross,* for appellant.—The jury was not properly instructed as to the meaning of "legal arrest": Cooley v. Philadelphia Traction Co., 189 Pa. 563; Kilchner v. Nanticoke Bor., 209 Pa. 412.

It was proper to cross-examine the prosecutor as to his conviction of crime: Commonwealth v. Racco, 225 Pa. 113; 40 Cyc. 2557; Commonwealth v. Hartman, 31 Pa. Superior Ct. 364; Glenn v. Traction Co., 206 Pa. 135; Commonwealth v. Farrell, 187 Pa. 408.


*Joseph A. Taulane,* Assistant District Attorney, and with him *Charles E. Fox,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.—Where a conviction of crime is admissible to affect the credibility of a witness, the only thing that is admissible is the conviction itself and not the facts and circumstances which resulted in the conviction: Lamoureuz v. New York R. R., 169 Mass. 338; Com. v. Galligan, 155 Mass. 54; State v. Mount, 73 N. J. Law 582.

Where an offer contains relevant and irrelevant matter the court is not obliged to sift out the good from the bad and the whole offer is objectionable: Senate v. Johnson, 9 Pa. 335; Smith v. Bank, 104 Pa. 518; Evans v. Evans, 155 Pa. 572; Keeler v. Shott, 1 Pa. Superior Ct. 458; Mease v. Traction Co., 208 Pa. 434; Jacoby v. Insurance Co., 10 Pa. Superior Ct. 171.

A witness cannot be interrogated as to his immoral delinquencies where there is no conviction and sentence: Com. v. Herron, 58 Pittsbg. 418; Com. v. Payne, 205 Pa. 101; Com. v. Williams, 209 Pa. 529; Elliott v. Boyle, 31 Pa. 65; Com. v. Varano, 258 Pa. 442.

OPINION BY TREXLER, J., January 3, 1919:

The defendant was found guilty of aggravated assault and battery. There are twenty-seven assignments of error. They may all be considered under the three heads as presented at argument.

The first objection urged is, there were no adequate instructions as to the meaning of "legal arrest." The defendant, who was a policeman of the City of Philadelphia, claimed that he was making an arrest upon sufficient cause, and that therefore he was authorized to use such force as was necessary. The court stated that the policeman, in order to have the right to arrest, "must be acting within the scope of his duty, and must be acting upon proper cause." We feel that the jury, with these instructions, must have known what the real issue was and that the failure of the court to elaborate further as to the meaning of the phrase "legal arrest" did the defendant no harm.

The second objection urged referred to the refusal of the court to allow the prosecutor to be asked whether he had ever been convicted of crime. In Com. v. Racco, 225 Pa. 113, the Supreme Court held that the defendant might be asked whether he had ever been convicted of crime. In that case the question included larceny, assault and battery, and obtaining money under false pretensions.

This was for the purpose of attacking his credibility. As to all defendants, this has since been changed by legislation, but it still remains that a witness may be asked as to his conviction of crime, so as to attack his credibility. It is remarked in Com. v. Varano, 258 Pa. 442, citing Com. v. Racco, 225 Pa. 113, that the crime should be such as affects the witness's credibility, and we have followed this in Com. v. Keegan, 70 Pa. Superior Ct. 442. See Wigmore on Evidence, Section 926. The extent of such cross-examination is largely within the discretion of the trial judge: Com. v. Racco, supra. If we turn to the proposition of the defendant, the refusal of which forms the subject-matter of the assignments in this regard, we find that the offer was not only to prove conviction of crime, but certain occurrences leading up to it and forming part of the surroundings. Certainly it was not the part of the jury to go into the facts in the former trial, for if that were so, the defendant in such case might offer facts in extenuation, and thus the inquiry might be extended at great length. All that it was proper for the defendant to offer was the record showing the nature of the charge and the fact of the conviction and the sentence. It was not required of the court to sift out the good from the bad in the offer: Jacoby v. Insurance Co., 10 Pa. Superior Ct. 171; Hunter v. Bremer, 256 Pa. 257. The other offer which was refused and which must be considered under this same heading is to show that one of the witnesses plead guilty to the charge of selling liquor without a license. As there was no sentence in the case, this, apart from the question of its relation to the credibility of the witness, was inadmissible: Bank v. Felder, 59 Pa. Superior Ct. 166. The attempt of the defendant to introduce, for the purpose of attacking the veracity of the prosecutor, the fact that he was conducting a speak-easy, that he sold liquor without a license to certain persons, and that he had the reputation of doing so, is so plainly objectionable that it requires no extended remarks. Until he was convicted by a compe-

tent court, the presumption of innocency of any criminal charge remained with him. It was the avowed purpose of the defendant, if the question were answered in the negative, to prove by witnesses that the prosecutor had kept a speak-easy. It would be carrying the jury far afield to have them go into the question and determine whether he was conducting a speak-easy or not. It is argued that the proof offered might show the bias of the witness. This is evidently an afterthought, and was not the purpose avowed at the trial.

As to proof of reputation of conducting a speak-easy, there is no valid reason advanced to show that this is permissible. Character for truth is shown by general reputation. If this as it existed in the common speech of the neighborhood was to be proved, it should have been directly in the usual manner and not by showing specific acts or a course of conduct.

The judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.