## Commonwealth *v.* Lewandowski et al., Appellants.

*Criminal law—Perjury—Witnesses — Alleged disqualification — Conviction—Judgment—Act of March 31, 1860, section 14, P. L. 388.*

The fact that a witness admitted that he committed perjury before a magistrate, as to facts relating to the case, does not disqualify him from being a witness in the quarter sessions.   Where conviction is made the ground of some disability or special penalty a final adjudication by judgment is essential; and when the law speaks of conviction it means a judgment, and not a verdict, which in common parlance is called a conviction.

*Criminal procedure—Indictment—Sufficiency—Waiver.*

Where a defendant goes to trial without raising the question of the sufficiency of the indictment he cannot, after conviction, object to the information on the ground that it failed to properly specify the crime.

Argued April 26, 1920.   Appeal, No. 106, April T., 1920, by defendants, from judgment of Q. S. Allegheny County, May Sessions, 1918, No. 285, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Anton Lewandowski, Peter Wicinski and Frank Breczinski. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment for conspiracy to cheat and defraud.   Before SWEARINGEN, J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendants appealed.

At the trial the plaintiff presented the following points:

1. That under the pleadings and the law the verdict of the jury should be "not guilty."

2. That the indictment in this case is not based upon sufficient facts derived from the information.

3. That the information contains a statement of no overt acts or circumstances forming a conspiracy, upon which an indictment could be framed or a conviction had.

4. The indictment charging nakedly a conspiracy to defraud is insufficient in law to put the defendants on trial, or justify a conviction.

5. The indictment charging nakedly a conspiracy to defraud is insufficient in charge and circumstances as well as law, to find a verdict of guilty as to the defendants on trial.

6. The principal witness of the Commonwealth, Anthony Levendowsky, being admittedly an accomplice, a verdict should not be based upon his evidence unless corroborated, and particularly in this case because of the fact that he admitted that he had committed perjury at a previous hearing involving substantially the same facts as are in this case, being that he swore that his name was Levendowsky and now swears that it was not and is not Levendowsky.

7. That the verdict should be for the defendants for the reason that the principal witness, not only being an accomplice and an admitted perjurer, but testified against his codefendants under a promise either expressed or implied and confirmed by the circumstances that he was to enjoy immunity, partial or complete,

8. The court is requested to charge the jury that the testimony of an accomplice must be scanned carefully and his motives considered and that he is testifying with the hope, if not belief, that he will receive some immuni-

ty or consideration for testifying against his codefend-
ants.

The court refused all of the points as submitted.

*Errors assigned* were various rulings on evidence,
answers to points as above quoted and refusal of motions
in arrest of judgment and for a new trial.

*W. J. Brennen,* and with him *L. W. Barach,* for ap-
pellant.

*W. E. Walsh,* Assistant District Attorney, and with
him *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY TREXLER, J., July 14, 1920:

The appellant, with two others, was charged with con-
spiracy to cheat and defraud. One of the defendants,
Lewandowski, pleaded nolle contendere. The others
were found guilty. The first two questions raised by the
appellant may be considered together. They attack the
sufficiency of the information and indictment. The in-
dictment charges the crime in the language of the Act of
March 31, 1860, section 128, P. L. 413. Section 11 of
the Act of March 31, 1860, P. L. 433, provides "Every in-
dictment shall be deemed and adjudged sufficient and
good in law which charges the crime substantially in the
language of the act of the assembly prohibiting the
crime." The indictment in this case being in the words
of the act we see no room for argument left to the de-
fendant. If the defendant desired a more specific
charge he should have asked for a bill of particulars:
Com. v. McCoy, 10 Pa. Superior Ct. 598. "Where the
object is unlawful the means by which it is accomplished
are not material ingredients in the offense and there-
fore in such a case it is never necessary to set them
forth": Hazen v. Com., 23 Pa. 355. Moreover the de-
fendant went to trial without raising the question of the
sufficiency of the indictment. The section of the act last

above referred to provides, "Every objection to any in-
dictment for any formal defect, apparent on the face
thereof, shall be taken by demurrer, or on motion to
quash such indictment, before the jury shall be sworn
and not afterward." The objection to the information
should also have been raised prior to plea entered: Com.
v. Hooper, 55 Pa. Superior Ct. 518.

The other position taken by the appellant is, that "a
conviction cannot be sustained upon the testimony of an
accomplice, who admitted that he committed perjury be-
fore a magistrate as to facts relating to this case, the
testimony of the witness being indispensable for a con-
viction." We may question the assertion that the testi-
mony was indispensable, but even if it was, it could not
be excluded. The Act of March 31, 1860, section 14, P.
L. 388, provides that "on conviction" for perjury sen-
tence as therein defined may be imposed and the de-
fendant "shall forever be disqualified from being a wit-
ness in any matter in controversy." When the law
speaks of conviction, it means a judgment and not a ver-
dict which in common parlance is called a conviction:
TILGHMAN, C. J., in Smith v. Com., 14 S. & R. 69. When
conviction is made the ground of some disability or spe-
cial penalty a final adjudication by judgment is essen-
tial: Com. v. Miller, 6 Pa. Superior Ct. 35. In the
latter case it was held that one found guilty by a verdict
of a jury of perjury but not sentenced is a competent
witness in the trial of others on the charge of suborna-
tion of perjury for which the witness was tried: See
Com. v. McDermott, 224 Pa. 363; American Bank v.
Felder, 59 Pa. Superior Ct. 166; Com. v. Auerbach, 71
Pa. Superior Ct. 54. The point is so well settled, that
further comment would be useless.

All the assignments are overruled and the judgment
is affirmed and it is ordered that the defendant, appel-
lant, appear in the court below at such time as he may
be there called, and that he be by the court committed
until he has complied with the sentence or any part of

it that had not been performed at the time this appeal was made a supersedeas.