# Commonwealth *v.* Millman, Appellant.

*Criminal law—Sale and transportation of intoxicating liquors—Conviction—Evidence—Sufficiency.*

In the trial of an indictment for the possession and transportation of intoxicating liquor it appeared that the defendant had hired two trucks to transport 330 cases of whiskey, and that while in the course of transportation the liquor was seized by the state police.

The Commonwealth introduced evidence as to the manner in which permits to transport liquor are obtained, the regulations under which they are issued ; and offered evidence to prove that the permits which

the defendant had furnished to the drivers of the trucks had not been issued in accordance with the regulations and were in fact fraudulent, and counterfeit.

*Held:* It was entirely competent for the Commonwealth to produce such evidence and the verdict of guilty will be sustained.

In such case it was proper to admit the record of a conviction of one of the witnesses for the defendant of a similar offense, for the purpose of impeaching his veracity. When the defendant offered the witness, the credibility of the latter became a subject for the consideration of the jury. The jurors might be informed with respect to the things which would enable them to place a proper estimate on his testimony, and this might be done either by cross-examination, or by the offer of the record of the conviction of an offense growing out of the same transaction. The record was properly admitted, to be considered by the jury in passing upon the credit to be given the witness.

Argued March 11, 1926. Appeal No. 102, April T., 1926, by defendant, from judgment of Q. S. Fayette County, September Sessions, 1924, No. 503, in the case of Commonwealth of Pennsylvania v. A. A. Millman, alias A. A. Williams, alias A. A. Robertson. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for the illegal possession and transportation of intoxicating liquors. Before REPPERT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and the sentence imposed on the verdict.

*H. S. Dumbauld,* and with him *Charles D. McAvoy,* for appellant.

*A. E. Jones,* of *Jones, Whithill and Lane,* and with him *E. D. Brown,* District Attorney, for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The defendant was convicted in the court below upon an indictment containing two counts, one charging the unlawful possession of intoxicating liquor for beverage purposes, and the other the unlawful transportation of such liquor. The defendant hired two trucks, in the City of Pittsburgh, to go to Uniontown and transport to Pittsburgh 330 cases of whiskey, for which service he agreed to pay the operators of the trucks $1 per case; when the owner of the trucks inquired whether there would be valid permits for the transportation of the liquor the defendant assured him that such permits would be furnished the drivers of the trucks at Uniontown. The defendant met the drivers of the trucks at Uniontown and took them to the warehouse of John T. Hoover and in the presence of the defendant and Hoover there was loaded upon the trucks 330 cases of whiskey, each case being the usual wooden box containing twelve bottles of whiskey, put up in the manner used by distillers when bottling liquor in bond. The defendant then received from Hoover two papers which purported to be carrier's copies of the permit to purchase liquor, issued by the Federal Prohibition Director, authorizing the transportation of the liquor in question; he then delivered these permits to the drivers of the trucks assuring them that the matter would be all right. The trucks started upon their journey and had proceeded some distance when they were seized by members of the State police and returned to Uniontown where the liquor was stored in the basement of the court house; investigation disclosed that the permits were fraudulent, forgeries and counterfeit, and this prosecution followed.

The evidence disclosed that when the trucks containing the liquor were seized the drivers presented the permits purporting to have been issued by the Federal Prohibition Director and by him signed, authorizing the possession and transportation of the liquor, and also

that the drivers had received those permits from this defendant. The court permitted the Commonwealth to prove the regulations under which Federal permits were issued; the manner in which such permits were procured; the manner in which whiskey was bottled in bond and what the regulations required should appear upon each case when sold and ready to be transported. When such regulations are complied with the possession and transportation of the liquor is not unlawful, but those regulations do not authorize the sale and transportation of the liquor for beverage purposes. When the person transporting the liquor produces an authentic permit issued by the Prohibition Director that is prima facie evidence that the transportation is lawful and that the liquor is not to be used for beverage purposes. The transaction with which we are here dealing involved a sale of liquor and is entirely different from a case where the owner of liquor lawfully acquired before prohibition became effective is removing his residence from one locality to another, in which latter case the owner would still have the right to use the liquor for beverage purposes in the manner by the statute authorized, so far as Federal authority is concerned.

The Act of March 27, 1923, P. L. 34, sec. 13, provides: "In any prosecution under this Act when proof has been given in evidence of the manufacture, sale,....... transportation, possession,......or exportation of any intoxicating liquor, the same shall be prima facie evidence that he was in possession of and transporting for sale.......transported, possessed,.......or exported for beverage purposes." The contention of the appellant is that the Commonwealth having produced evidence that he was in possession of and transporting the liquor, it had thus established a prima facie case and that any evidence relating to the carrier's permit was incompetent and irrelevant. It seems manifest

that the purpose of this defendant and those associated with him in furnishing these alleged permits to the drivers was to indicate to the officers of the law that the transportation was prima facie lawful. It was, therefore, entirely competent for the Commonwealth to produce evidence as to the manner in which the permits were to be obtained, the regulations under which they were issued and that the permits which this defendant had furnished to the drivers of the trucks had not been issued in accordance with the regulations and were in fact fraudulent, counterfeit and forgeries. The Commonwealth is not required to hold its hands when it has merely established a prima facie case, it may go further and prove any relevant fact which tends to establish the guilt of a defendant. The first twenty-eight assignments of error are overruled.

John T. Hoover, who was the vendor in this alleged sale, if there was in fact a sale intended, was called as a witness on behalf of the defendant and testified at length as to all that he had done in alleged attempts to procure the permits for the sale and transportation of the liquor from the Federal Prohibition Director. His testimony, if believed, tended to establish that he and this defendant had both acted in good faith in the entire transaction, and that they believed the permits were genuine. The Commonwealth in rebuttal offered the record of the conviction of the witness, Hoover, of the offense of the unlawful sale, offering for sale and furnishing of the same whiskey. The production of this evidence established the connection of Hoover with the offense for which this defendant was on trial. When the defendant offered Hoover as a witness the credibility of the latter became a subject for the consideration of the jury. The jurors might be informed with respect to the things which would enable them to place a proper estimate on his testimony, and this might be done either by cross-examination, or it certainly could be done by the offer of the record of a con-

viction of an offense growing out of the same transac-
tion; the record was properly admitted, to be consid-
ered by the jury in passing upon the credit to be given
the witness, Hoover: Commonwealth v. Racco, 225 Pa.
113; Commonwealth v. Payne, 242 Pa. 394; Common-
wealth v. Goodstein, 57 Pa. Superior Ct. 34; Common-
wealth v. John Doe, 79 Pa. Superior Ct. 162.

The court submitted the real question involved in
this case to the jury with instructions of which the de-
fendant certainly has no ground to complain, using the
following language: "On the other hand, if you find
that the papers under which the defendant acted were
genuine, or if you find that the papers were not genu-
ine but that the defendant did not know of the unlaw-
ful purpose of those connected with the transaction
and that the papers were false, and that the exercise of
the reasonable care and diligence the circumstances re-
quired would not have disclosed such unlawful pur-
pose and that the papers were fraudulent, or if you
have a reasonable doubt in respect thereto, your ver-
dict should be not guilty." All the assignments of er-
ror are dismissed.

The judgment is affirmed and the record is remitted
to the court below, and it is ordered that the defendant
appear in the court below at such time as he may be
there called and that he be by that court committed
until he has complied with the sentence or any part of
it which had not been performed at the time the appeal
in this case was made a supersedeas.