Conrad, Executrix, *v.* Werner, Appellant.

38

Argued April 11, 1928.

Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ.

*James B. Landis,* and with him *William A. McGuire,*
for appellant, cited: Jackson v. Litch, 62 Pa. 451;
Act of May 23, 1887, P. L. 158, sec. 5, clause e: Act
of June 11, 1891, P. L. 287, sec. 1; Johnson v. Wana-
maker, 17 Pa. Superior Ct. 301; Webb v. Lees, 149
Pa. 13.

*Joseph Levy,* for appellee.

OPINION BY TREXLER, J., July 12, 1928:

Albert B. Conrad brought this action in assumpsit
against Edward H. Werner, the appellant, to recover
an amount due on a quantum meruit, for services ren-

dered as a journeyman printer and typesetter. The plaintiff died and Lydia E. Conrad, his wife became executrix and was substituted. The case came for trial and Mrs. Conrad testified to the amount claimed to be due for the services of her husband, using as a memorandum without objection a calendar on which he kept his accounts. Upon cross-examination, she was asked, "Do you remember having a conversation with Mr. Werner in the month of July, 1924, with regard to the salary your husband was getting, the wages he was getting? A. He never said what he was to have; Mr. Conrad didn't know what he was to have. Q. Didn't you in July, 1924, ask Mr. Werner how much your husband was getting for his work there? A. I asked him at one time but Mr. Conrad never knew, and Mr. Werner said he had at one time an agreement with Mr. Conrad but Mr. Conrad failed to have an agreement and Mr. Werner failed to show it." Then some more to the same effect followed by the question: "Didn't Mr. Werner tell you at that time that he was paying your husband a dollar and a quarter a day? A. No, he didn't say he was paying him that; he said he thought him and Mr. Conrad had an agreement as to that, but he didn't have it and Mr. Conrad didn't have it; as soon as I came home I told it and Mr. Werner never showed one up."

The defendant then took the stand and was asked, "Did you have a conversation with Mrs. Conrad, who was just on the stand, sometime in July, 1924, concerning wages?" This was objected to and a proposition of proof was submitted as follows: "We propose to prove by the witness on the stand, that the wife of the plaintiff, who is now the executrix, came to the office of the defendant in July, 1924, and requested him to pay her some money on account of her husband's services, and that she asked him then how much he was getting, and the witness replied that he was paying at the rate of a dollar and a quarter a

day and that Mr. Conrad continued working there after that date.'' The offer was refused and we think properly. This refusal forms the subject of the first and second assignments of error.

It will be observed that the matter elicited was obtained through cross-examination. The examination in chief, was confined to proof as to the number of days which Conrad had worked and there was no reference to the rate of wages and the matter sought to be elicited by the defendant's counsel was a distinct and new fact collateral to the inquiry directed to the witness in the examination in chief and evidently introduced for the purpose of impeaching her testimony. Having proceeded in the line of inquiry and having elicited an answer responsive to the question, the defendant could not contradict the witness, but was bound by her answer. Germain Fruit Co. v. Roberts, 8 Pa. Superior Ct. 500; Hildeburn v. Curran, 65 Pa. Superior Ct. 59; Hepworth v. Henshall, 153 Pa. 592, 597; Com. v. Clemmer, 190 Pa. 202, 208; Com. v. Grauman, 52 Pa. Superior Ct. 215.

Moreover, if we assume that the inquiry might have been proper, it could only have become so if the offer had included the proof of knowledge of the conversation on the part of the husband. The fact that the wife was informed that her husband was to receive a certain amount per day did not carry with it the inference that she communicated this to her husband and that he continued work under that understanding.

The other assignment is directed to the charge of the court, complaint being that it was inadequate and partial to the plaintiff. We have carefully examined the charge and find no error in it. If the defendant had desired more explicit instructions as to any particular branch of the case, he should have asked it.

We find no cause for reversal in the case. The assignments of error are overruled and the judgment is affirmed.