Com. of Pa. v. Shultz, Appellant.

178

Argued September 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*T. H. Shannon,* and with him *Challen W. Waychoff,* for appellant.

*James W. Hawkins,* District Attorney, and with him

*J. Ernest Isherwood,* Special Assistant District Attorney, for appellee.

PER CURIAM, November 22, 1934:

Defendant was convicted of having unlawfully accepted, received and appropriated money from the proceeds of the earnings of Alice Fonner, a woman engaged in prostitution, knowing the money to have been earned by the said Alice Fonner in the practice of fornication, and without giving any valuable consideration in return therefor, contrary to Section 3 of the Act of April 24, 1931, P. L. 52. She has appealed to this court and assigns three grounds of complaint.

(1) There was evidence in the case from which the jury might find that one William Moore rented from the appellant two rooms in the house where she lived, and installed the Fonner girl in them for purposes of fornication; that the Fonner girl carried on prostitution there with the knowledge of appellant; that the latter brought or sent men to the Fonner rooms, which connected with appellant's living quarters, in order that they might commit fornication with the Fonner girl; and that the latter divided with the appellant her earnings as a prostitute. Section 3 of the Act of 1931, supra, provides, that the acceptance and receipt of such money shall on any trial for violation of the section, be evidence of lack of consideration; that is, the Commonwealth, having proved the acceptance and receipt of such money by the person accused is not required to show affirmatively that the defendant gave no consideration therefor.

After having testified that she had divided her earnings as a prostitute with the defendant, the Fonner girl testified that a certain named man, desiring to have intercourse with her, for which he was to pay her five dollars, had drawn a check for that amount payable to cash, in payment of such unlawful intercourse,

and given it to the defendant; who, it was shown, afterwards got the money for it from a nearby store. The defendant objected to the admission of this check in evidence, because the Fonner girl also testified that the defendant had given her a dress in return for the check. The error in its admission, if any, in the light of the provision of the Act above referred to,—which we need not decide on this appeal—was cured by the evidence of the defendant herself, who testified that the dress was not paid for in this way, but by weekly payments of fifty and seventy-five cents.

(2) On cross-examination the Fonner girl testified that she was single, and was not married to one William Carter. Whether she was single or married was not relevant or material to the issue. Her acts of prostitution, and her division of her earnings with the defendant were not affected by her marital status. The defendant subsequently offered to introduce in evidence an application signed by one Alice Fonner (the witness had said her full name was Mary Wanetta Alice Fonner, — p. 28a) for a marriage license to be issued to her and William Carter. Passing by the fact that the offer was not, of itself, a sufficient contradiction of her evidence, the court properly ruled that the cross-examination as to her being married or single was a collateral and irrelevant matter, and, having been introduced by the defendant by way of cross-examination, the defense was concluded by her answer and could not contradict it: Com. v. Grauman, 52 Pa. Superior Ct. 215, 218; Com. v. Clemmer, 190 Pa. 202, 208, 42 A. 675; Hildeburn v. Curran, 65 Pa. 59, 63; Ray's Est., 304 Pa. 421, 435, 156 A. 64; Conrad v. Werner, 94 Pa. Superior Ct. 37, 40.

(3) The remarks of the district attorney objected to by the defendant were not of such a nature as to require the withdrawal of a juror. They were not inflammatory in character, but only explanatory of the

delay in bringing the case to trial. The court instructed the jury to disregard them and thereby cured the harm, if any, which otherwise might have ensued: Com. v. Shultz, 111 Pa. Superior Ct. 407, 170 A. 462; Com. v. Wilcox, 316 Pa. 129, 144, affirming 112 Pa. Superior Ct. 240, 170 A. 455. The learned court below was satisfied that the defendant was not prejudiced by the words complained of and we are of the same opinion.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.