## Vance's License

*J. C. Glassburn* and *A. Cavalcante*, for appellant.

MORROW, J., April 26, 1947.—This is an appeal by Augustus Vance, a colored man, from an order of the Pennsylvania Liquor Control Board revoking the restaurant liquor license in Brownsville Borough held for a number of years by appellant. The reason given for the order of revocation reads as follows:

"The licensee is not a fit person to hold a restaurant liquor license issued by this board, in that at no. 24/92 September sessions, 1945, in the Court of Quarter Sessions of Fayette County, he was convicted of the charge of receiving stolen goods and was sentenced to pay the costs of prosecution, make restitution and received a suspended sentence being place on probation for a period of twenty-three (23) months."

It is only necessary to read this reason to observe that it cannot be an accurate recital of the record. A defendant cannot at one and the same time be sentenced and receive a suspended sentence on a single charge. The entire record, including the file papers, no. 24/92, September term, 1945, was offered in evidence by counsel for the Liquor Control Board at the hearing on the appeal, and counsel for appellant offered in evidence the records at no. 11/46, September term, 1945, and at no. 5/39, June term, 1946, and from these three records, together with our notes of testimony as trial judge in the first two of the cases, a history of the matter will be hereinafter stated.

This record at no. 24/92, September term, 1945, was the only evidence offered by counsel for the Liquor Control Board. It shows that sentence was suspended and that defendant, appellant here, was placed on pro-

bation on certain conditions. No sentence was ever imposed in that case. In the case of Commonwealth ex rel. Paige v. Smith, Warden, 130 Pa. Superior Ct. 536, 539, the court says:

"The appellant's argument rests on the premise that the order of May 4, 1934 placing him on probation was a sentence. We have, however, definitely ruled to the contrary in Com. v. Fox, 69 Pa. Superior Ct. 456, 458, and held that placing the defendant on probation under the Act of 1911, supra, is not a sentence."

And in the case of Commonwealth v. Auerbach, 71 Pa. Superior Ct. 54, 57, the court ruled:

"The other offer which was refused and which must be considered under this same heading is to show that one of the witnesses plead guilty to the charge of selling liquor without a license. As there was no sentence in the case, this, apart from the question of its relation to the credibility of the witness, was inadmissible: Bank v. Felder, 59 Pa. Superior Ct. 166. The attempt of the defendant to introduce, for the purpose of attacking the veracity of the prosecutor, the fact that he was conducting a speakeasy, that he sold liquor without a license to certain persons, and that he had the reputation of doing so, is so plainly objectionable that it requires no extended remarks. Until he was convicted by a competent court, the presumption of innocency of any criminal charge remained with him."

See also Commonwealth v. Lewandowski et al., 74 Pa. Superior Ct. 512, 515:

"When the law speaks of conviction, it means a judgment and not a verdict which in common parlance is called a conviction: Tilghman, C. J., in Smith v. Com., 14 S. & R. 69. When conviction is made the ground of some disability or special penalty a final adjudication by judgment is essential: Com. v. Miller, 6 Pa. Superior Ct. 35."

The following history of the case will show why we did not impose a sentence.

The record of the prosecution at no. 11/46, September term, shows that Carl Lee Thompson and two other colored men were indicted for burglary and larceny, the charge being that they broke into the place of business of a licensee at Chestnut Ridge, near Brownsville, and stole a number of cases of whisky. One of the three defendants, Carl Lee Thompson, pled guilty, and told the officers that the three of them had sold and delivered to Augustus Vance at his home a part of this stolen whisky. While none of the whisky was found at the Vance home or at his place of business, an information was made against him on the strength of Thompson's statement and he was indicted at 24/92, September term, 1945, for receiving stolen goods. This case was tried along with the case at no. 11/46, September term, 1945, where two of the defendants did not plead guilty. Thompson was the only witness against Vance. The other two defendants in denying guilt testified that they never delivered any whisky to Vance. At the trial there was testimony, admitted by Thompson, that before he was arrested he sent a girl to Vance to get $20 so that he could get away from the law, and that Vance refused to let him have the money. On September 8, 1945, Vance was by the jury found guilty of receiving stolen goods and the other two defendants were found guilty of burglary and larceny.

We granted Vance a new trial, there being little, if any, evidence against him except that of Thompson, a confessed burglar and thief, we having also in mind the proposition well expressed by Chief Justice Maxey in Commonwealth v. Petrillo, 338 Pa. 65, 96, in these words: "Justice Pierce Butler once referred to the danger of trying individuals 'en masse . . . the danger of mistake and injustice that inevitably attends an attempt in a single trial to ascertain the guilt or innocence of many accused.' In a trial in which several persons (whether indicted or not) are charged with

being in a confederacy of crime, it cannot be expected that a jury will carefully discriminate between evidence which implicates an individual and evidence which is consistent with his innocence."

On December 12, 1945, Vance was tried again, this time by himself. The only witness against him called by the Commonwealth was Thompson. Vance persisted in his denial of guilt, but the verdict of the jury was that he was guilty of receiving stolen goods. His counsel filed a motion for another trial. As to Thompson, an order of probation was entered on December 12, 1945, consideration being given him under the circumstances, but the other two defendants in the same case were sentenced that same day to the penitentiary.

While Thompson was on probation, and before the Vance motion for a new trial had been disposed of, Thompson was arrested on March 8, 1946, on charges of burglary, larceny, felonious assault and pointing firearms, offenses alleged to have been committed by him at Brownsville on March 6, 1946. The information was returned to 5/39, June term, 1946, an indictment was prepared, and on March 27, 1946, he waived presentation of the indictment to a grand jury and pled guilty to the charges aforesaid. On April 2, 1946, the aforesaid order of probation of Thompson at no. 11/46, September term, 1945, was revoked and we sentenced him to the penitentiary in that case for an indeterminate period of not less than one and one half years and not more than five years, to be computed from that date. He was also sentenced in the case at 5/39, June term, 1946.

With respect to the Vance motion for another trial a petition signed by 41 citizens of Brownville was presented to us reciting that notwithstanding the two verdicts of guilty they believe him innocent, that he has been conducting a decent and reputable place of business, that he had served in the United States Army for a period of six months and due to injury sustained

in the service was discharged, and the petition ended with a request that he be placed on probation.

Considering this request and in view of the real character of the one witness against Vance, Carl Lee Thompson, as revealed in his again entering upon a criminal career, after being given the benefit of an order of probation, sentence as to Vance was suspended and he was placed upon probation.

The fact that 15 good citizens of Brownsville, including the burgess and the chief of police, have come into court at the hearing on this appeal and have testified to the effect that Vance bears a good reputation, has conducted his business all right, and in their opinion is a fit person to hold a restaurant liquor license, indicates that our order aforesaid suspending sentence was right and proper. In addition to this testimony counsel for appellant Vance has filed a petition signed by more than 200 citizens of Brownsville and vicinity representing that the establishment of Augustus Vance is the only one in Brownsville in which colored people are permitted to enter, and that they feel it is for the best interests of the community that his licensed establishment be maintained.

It is our opinion that the Pennsylvania Liquor Control Board was not acquainted with the facts hereinbefore stated, and the law applicable thereto, and that its conclusion that appellant is not a fit person to hold a restaurant liquor license cannot be sustained.

The hearing on this appeal was first set for April 7, 1947, but was continued, as we understood, because that date was not convenient for counsel for appellee. It has been our practice on an appeal from the action of the Liquor Control Board to enter an order and decree nisi 10 days, but in this case we are allowing five days, counting this day, instead for the filing of exceptions since the new license year will be commencing at the expiration of the five-day period.

*Order and Decree*

And now, April 26, 1947, upon consideration of the foregoing case it is ordered and decreed nisi that the appeal be, and it is hereby, sustained and the order of the Pennsylvania Liquor Control Board under date of March 4, 1947, revoking restaurant liquor license no. R-3079 issued to appellant, Augustus Vance, is reversed. The costs shall be paid by appellant.